**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREA N. KIRKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-824-RHH |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Andrea Kirkhart's appeal regarding the denial of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 20.) The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence.  Based on the following, the Court will affirm the Commissioner's denial of Kirkhart's application.

**I.      Background**

The Court adopts the statement of facts set forth in Kirkhart's statement of facts (ECF No. 22) and Defendant's response with additional facts (ECF No. 23-1). Together, these statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

On April 29, 2020, Kirkhart applied for DIB and SSI, alleging that she has been unable to work due to disability since April 21, 2016. (Tr. 11, 202-16.) Kirkhart alleged disability due to herniated discs, fusion surgery, severe pain, depression, and anxiety. (Tr. 230.) Her application was initially denied and she filed a request for Hearing by Administrative Law Judge (ALJ). (Tr. 145-46.) On July 22, 2021, the ALJ held a hearing on Kirkhart's claim. (Tr. 28-61.) Kirkhart was represented by counsel at the hearing, and an impartial vocational expert testified. *Id.*

In a decision issued on August 19, 2021, the ALJ found Kirkhart was not disabled as defined in the Act from the alleged onset date through the date of decision. (Tr. 23.) On October 12, 2021, Kirkhart filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 197-99.) On June 6, 2022, the Appeals Council denied Kirkhart's request for review, and adopted the ALJ's decision in full. (Tr. 1-5.)

## II.    Standard for Determining Disability Under the Act

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled.  20 C.F.R. § 404.1520(a)(1). First, the

claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work.  20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled.  20 C.F.R. § 404.1520(a)(4)(v).

## III.    The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ here found that Kirkhart met the insured status requirements of the Social Security Act through December 31, 2021, and that she had not engaged in substantial gainful activity since August 17, 2019, the day after Kirkhart's prior unfavorable hearing decision. (Tr. 15.) Next, the ALJ found that Kirkhart has the following severe impairments: degenerative disc disease of the cervical and lumbar spine with residuals of status post lumbar fusion and obesity. (Tr. 15.) The ALJ found that Kirkhart's long history of temporomandibular joint, headaches, hemorrhoids, upper respiratory and urinary tract infections,

and deep vein thrombosis were not severe impairments. (Tr. 15.) The ALJ also found Kirkhart did

not have a severe mental impairment. (Tr. 15-16.)

The ALJ determined that Kirkhart did not have an impairment or combination of

impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404,

Subpart P, Appendix 1. The ALJ also determined that Kirkhart had the residual functional capacity

to perform sedentary work with additional limitations. Specifically, the ALJ found that

> The individual can never climb ladders, ropes, and scaffolds. The individual can
> occasionally climb ramps and stairs. The individual can occasionally stoop and
> crouch, but never kneel and crawl. The individual can have no use of hazardous
> machinery and no exposure to unshielded moving mechanical parts or exposure to
> unprotected heights. The individual can have no exposure to extreme vibrations.
> The individual can reach frequently to the height of the bilateral shoulders, but
> above the height of the bilateral shoulders the individual can reach overhead
> occasionally with the bilateral upper extremities.

(Tr. 17.) The ALJ found that Kirkhart was unable to perform any past relevant work. (Tr. 21.)

Kirkhart was 39 years old and considered a younger individual age 18-44. She has a high school

education. The ALJ determined that the transferability of job skills is not material to the

determination of disability because using the Medical-Vocational Rules as a framework supports

a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills.

(Tr. 21-22.) Based on the foregoing, the ALJ found that there are unskilled (SVP 2), sedentary jobs

that exist in significant numbers in the national economy that Kirkhart can perform, including

order clerk (Dictionary of Occupational Titles (DOT) No. 209.567-014, approximately 15,000 jobs

in the national economy), document preparer (DOT No. 249.587-018, approximately 30,000 jobs

in the national economy), and addresser (DOT No. 209.587-010, approximately 18,000 jobs in the

national economy). (Tr. 22.) Therefore, the ALJ concluded that Kirkhart was not disabled, as

defined in the Act, from April 21, 2016 through August 19, 2021. (Tr. 22-23.)

## IV.     Standard for Judicial Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Pate-Fires*, 564 F.3d at 942.  *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings,

the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.   Discussion

Kirkhart challenges the ALJ's opinion in two ways. First, Kirkhart contends that the ALJ failed to fully and fairly develop the record. Second, Kirkhart contends that the ALJ failed to properly evaluate credibility.

### A.  Development of the Record

Kirkhart argues that the ALJ failed to fully and fairly develop the record. Specifically, she argues that there is no current medical opinion that addresses Kirkhart's physical ability to function in the workplace and therefore there is not substantial support for the RFC assessment.

An ALJ has a duty to develop the record fully and fairly, independent of the claimant's burden to press her case. *Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010). A social security hearing is a non-adversarial proceeding, and the ALJ must develop the record so that "deserving claimants who apply for benefits receive justice." *Battles v. Shalala,* 36 F.3d 43, 44 (8th Cir. 1994). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir. 1994); *see also Cox v. Astrue,* 495 F.3d 614, 620 n.6 (8th Cir. 2007) (a claimant's records need not explicitly discuss work-related limitations, as long as the records "describe [claimant's] functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment"). An ALJ's duty to develop the record is not never-ending. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

Here, the record does not contain opinion evidence from any treating physicians. Nevertheless, the undersigned finds that substantial evidence supports the ALJ's conclusion that

Kirkhart can perform sedentary work with additional limitations. Kirkhart argues that the record contains significant objective findings supporting multiple physical impairments which require a medical opinion to determine Kirkhart's ability to function in the workplace. (ECF No. 21 at 5.) She contends that the ALJ should have obtained an updated medical opinion to determine how her moderate canal stenosis revealed in an MRI dated December 31, 2020, would affect her RFC. *Id.* at 6.

The ALJ found Kirkhart's degenerative disc disease with residuals of status post lumbar fusion and obesity to be severe impairments. (Tr. 15.) The record contains opinion evidence from state agency physicians J. Bland, M.D. and Dr. J. Schell regarding the effect Kirkhart's physical impairments have on her ability to work. These physicians opined that Kirkhart could perform light work based on their review of Kirkhart's reported functional capabilities and her medical records on or before July 2, 2020 (Dr. Bland) and November 25, 2020 (Dr. Schell). (Tr. 89, 109.) The ALJ found these opinions to be not persuasive because they were not supported or consistent with the objective evidence as a whole. The ALJ specifically acknowledged that new evidence received after November 2020 was inconsistent with a light work RFC, and the later developed evidence and hearing testimony received after the state agency assessments were rendered justified further limiting the assessments to sustaining no more than sedentary exertional level work with non-exertional postural limitations. The ALJ also found the later-developed evidence of Kirkhart's cervical spine impairment merits non-exertional manipulative limitations of reaching above shoulder level no more than occasionally and frequently in all other directions. (Tr. 21.) It cannot be said that the ALJ did not account for the evidence of Kirkhart's conditions and capabilities after the state agency opinions were rendered. *See, e.g., Ulrich v. Colvin*, No. 2:13CV45 SPM, 2014

WL 3734292, at *11 (E.D. Mo. July 29, 2014) (limiting a claimant to sedentary work is a significant limitation in itself).

Moreover, Kirkhart's more recent records reflect that following surgical intervention by neurosurgeon Dr. Gamadia in April 2020, Kirkhart was treated with oral medications and physical therapy. Lumbar spine imaging done in 2021 reflected "mild" curvature of the lumbar spine post L3-4 posterior decompression and spinal instrumentation and "mild" central canal stenosis at L4-5 and L5-S1 with "moderate" multilevel foraminal encroachment. (Tr. 609, 602.) Throughout 2020 and 2021, she was monitored on a monthly basis by Dr. Lum's office and prescribed xtampza, tramadol, and was given injections, gabapentin, and other medications to manage her pain. *See, e.g., Cypress v. Colvin,* 807 F.3d 948, 951 (8th Cir. 2015) (no medically determinable impairments supported the level of pain claimant claimed to suffer where pain was controlled by medication and claimant refused more invasive procedures); *Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.")

Kirkhart was also referred to Axes Physical Therapy by Dr. Gamadia post-lumbar fusion in 2020. (Tr. 537.) The plan was for Kirkhart to attend outpatient physical therapy sessions 2-3 times per week for six weeks. After her first appointment in June 2020, Anthony Meyer, DPT assessed that she tolerated therapy well and her rehab potential appeared to be good. (Tr. 538.) However, Kirkhart was not compliant with her home exercise program, canceled three appointments due to scheduling conflicts, and "no showed" for five appointments. (*See, e.g.,* Tr. 548-550, 556, 558, 562-565, 571.)

In sum, Kirkhart's post-procedure imaging results showed only mild degenerative change, and it appears that Kirkhart only took oral medications for her pain and declined to actively

participate in physical therapy. In light of the records considered by the ALJ, it cannot be said that remand is necessary because the only opinion evidence regarding Kirkhart's RFC was from state agency medical consultants. The ALJ appropriately evaluated Kirkhart's physical impairments and accounted for those impairments by restricting her to sedentary work with additional postural, environmental, and handling limitations. The ALJ did not err in declining to obtain additional opinion evidence regarding physical impairment. *See Naber*, 22 F.3d at 189 (remand is not required as "long as other evidence in the record provides a sufficient basis for the ALJ's decision"); *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (ALJ not required to seek additional information from treating physicians or order consultative examination where medical record is adequately developed); *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (ALJ required to supplement record only if the existing medical record does not provide sufficient evidence to determine whether the claimant is disabled).

## B. Evaluation of Subjective Complaints

Next, Kirkhart contends that the ALJ did not properly evaluate her subjective complaints of pain. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

(1) The claimant's daily activities;
(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
(3) Any precipitating or aggravating factors;
(4) The dosage, effectiveness, and side effects of any medication; and
(5) The claimant's functional restrictions.

*Polaski v. Heckler,* 725 F.2d 1320, 1322 (8th Cir. 1984). The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors before discounting a claimant's subjective

complaints. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988). "While the extent of daily living activities does not alone show an ability to work, such activities may be considered along with other evidence when evaluating a claimant's credibility." *Walker v. Colvin*, 124 F.Supp. 3d 918, 936 (E.D. Mo. 2015).

"After careful consideration of the evidence," the ALJ concluded that Kirkhart's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent or supported by the evidence of record [.]" (Tr. 17-18.) Prior to this statement, and consistent with the Eighth Circuit's requirements, the ALJ recognized her obligation to assess Kirkhart's symptoms based on the requirements of 20 C.F.R. §§ 404.1529, 416.929, and SSR 16-3p. (Tr. 17.) *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (citation omitted) (recognizing 20 C.F.R. § 404.1529 "largely mirror[s] the *Polaski* factors").

Kirkhart challenges the ALJ's decision by arguing that her uncontroverted statements provide substantial evidence to support a finding that she cannot sit for two hours without a break to move around or lie down. Kirkhart cites to her hearing testimony and function report to support this contention. She argues that while the ALJ considered some of Kirkhart's allegations when giving her a sedentary RFC, the ALJ failed to adequately explain why he refused to credit the other allegations. The Commissioner asserts that the ALJ properly considered the consistency of Kirkhart's subjective claims when compared to the record as a whole, and that the ALJ's assessment is supported by substantial evidence.

The Court finds that the ALJ appropriately discounted Kirkhart's subjective complaints based on the objective medical evidence. The ALJ explained that Kirkhart's subjective complaints were taken into account, but "[p]hysical examination findings fail to corroborate the severity of

the claimant's subjective allegations." (Tr. 19.) The ALJ's review of the medical records revealed that clinicians documented findings within normal limits throughout the relevant period but for obesity and lumbar spine tenderness, they found unremarkable physical exam findings with no evidence of abnormal gait or inability to ambulate independently, and there was no objective evidence of muscle atrophy, spasm, weakness, neurological defects, or chronic inflammatory signs. The ALJ's explanation as to why he discounted some of Kirkhart's subjective complaints is supported by the record as a whole. For example, over the course of her physical therapy, PT Meyers noted that her Owestry score of 54% represented "a perceived severe disability," but the score was "inconsistent with clinical presentation as [she] reports being able to lift and carry her small child and perform housework." Dr. Meyer also reported that "[w]hen pt was able to consistently be seen for therapy, was having low back pain relief, and reported increased activity tolerance. However, has been non-compliant with attending therapy appointments and HEP performance." (Tr. 540.)

The Eighth Circuit has held that an ALJ "is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citation omitted); *see also Medhaug v. Astrue,* 578 F.3d 805, 817 (8th Cir. 2009). Trying to reconcile the evidence and resolve inconsistencies is exactly what factfinders are asked to do. *See Davis v. Apfel*, 239 F.3d 962, 968 (8th Cir. 2001) ("Subjective complaints may be discounted if there are inconsistencies in the record as a whole . . . ." (quotation marks omitted)).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of

11

choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011); *see also Adkins v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 547, 550 (8th Cir. 2018) ("[I]t is not the function of a reviewing court to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.").

## VI.    Conclusion

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. (ECF Nos. 1, 21.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**.

Dated this 6th day of July, 2023.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

12